Name of Borrower: TURLICK,,BRION E,DELO███ M.     Date of Loan: 03/29/96     Account No.: ████

# ADJUSTABLE RATE NOTE
(Interest Rate Limits)

This Note contains provisions allowing for changes in your interest rate, subject to the limits stated in this Note. If your interest rate increases, your monthly payments will be higher. If your interest rate decreases, your monthly payments will be lower.

In this Adjustable Rate Note, the words you, your and yours refer to all persons signing this Note as a Borrower and the words we, us and our sometimes used below refer to the Creditor or the Note Holder.

| | | | |
|---|---|---|---|
| $ 180800.00 | Amount Financed *plus* | $ 0.00 | Monthly Life Ins. Charge |
| $ 0.00 | Prepaid Finance Charge *equals* | $ 0.00 | Monthly Real Estate Loan Ins. Charge |
| $ 180800.00 | ACTUAL AMOUNT OF LOAN | $ 1390.19 | Monthly Instalment (Monthly Insurance Charge, Interest and Principal) |
| 8.5000 | % Rate of Charge | | |

Rate at which Prepaid Finance Charge is calculated
_0.00_ % per day.

1. **BORROWER'S PROMISE TO PAY:** In return for a loan that you have received you promise to pay, to the order of the Creditor, the Actual Amount of Loan shown above, which includes the nonrefundable Prepaid Finance Charge shown above (defined in Section 13), plus interest. The Creditor is named on Page 1. You understand that we may transfer this Note. We or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST:** Interest will be charged on that part of the Actual Amount of Loan (this amount is also called "principal") which has not been paid, beginning on the date you receive the principal and continuing until the full amount of the principal has been paid.

   Beginning on the date you receive the principal, you will pay us interest at a yearly rate shown above as Rate of Charge. The interest rate you will pay will change in accordance with Section 4 of this Note.

   The interest rate required by this Section and Section 4 of this Note is the rate you will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS:**

   (A) **Time and Place of Payments**
   You will pay us principal and interest by making payments every month.

   You will make your monthly payments to us on the __03rd__ day of each month beginning on the 1st Due Date shown on Page 1. You will make these payments every month until you have paid all of the principal and interest and any other charges described below that you may owe under this Note. Your monthly payments will be applied to interest before principal. If, on the Final Due Date shown on Page 1, you still owe amounts under this Note, you will pay those amounts in full on that date, which is called the "maturity date."

   You will make your monthly payments at the address shown on Page 1 or at a different place if required by the Note Holder.

   (B) **Amount of Monthly Payments**
   Your monthly payment will be in the amount shown on Page 1 as "Monthly Instal.," excluding Monthly Insurance charges, and the final payment will be in the amount shown as "Final Instal." Those amounts will change if the interest rate that you must pay changes. We will determine your new interest rate and the changed amount of your monthly payment and final payment in accordance with Section 4 of this Note.

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES:**

   (A) **Change Dates**
   The interest rate you will pay may change on __APRIL 3, 1997__ and on that day every __12__ months thereafter. Each date on which your interest rate could change is called a "Change Date."

   (B) **The Index**
   Beginning with the first Change Date, your interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of __12__ months, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

   If the Index is no longer available, we will choose a new Index which is based upon comparable information. We will give you notice of this choice.

CE 3 WI-72 ARM (8/85)     Page 3 of 6

Name of Borrower: TURLICK, BRION E.DELO... M.     Date of Loan: 03/29/96     Account No.:

## NOTE (cont'd)

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES (cont'd):**

   (C) **Calculation of Changes**
   Before each Change Date, we will calculate your new interest rate by adding __3.50__ percentage points (__3.50__%) to the Current Index. We will then round the result of this addition to the nearest one-quarter of one percentage point (0.25%). Subject to the limits stated in Section 4(D) below, this rounded amount will be your new interest rate until the next Change Date.

   We will then determine the amount of the monthly payment and final payment that would be sufficient to repay the unpaid principal balance of the loan you are expected to owe on the Change Date in full on the maturity date at your new interest rate. The result of this calculation will be the new amount of your monthly payment and final payment.

   (D) **Limits on Interest Rate Changes**
   The rate of interest you are required to pay shall never be increased or decreased on any single Change Date by more than __2.000__ percentage points from the rate of interest you have been paying for the preceding __12__ months. Your interest rate also shall never be greater than __14.50__% per year.

   (E) **Effective Date of Changes**
   Your new interest rate will become effective on each Change Date. You will pay the amount of your new monthly payment beginning on the first monthly payment date after the Change Date until the amount of your monthly payment changes again.

   (F) **Notice of Changes**
   On the 30th day prior to the Change Date, we will mail or deliver to you a notice of any changes in the amount of your monthly payment before the effective date of any change. The notice will include information required by law to be given to you and also the title and telephone number of a person who will answer any questions you may have regarding the notice.

5. **BORROWER'S RIGHT TO PREPAY:** Subject to the potential imposition of a Prepayment Charge (described in Section 12), you have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When you make a prepayment, you will tell us in writing that you are doing so.

   You may make a full prepayment or a partial prepayment. If you make a partial prepayment, there will be no delays in the due dates of your monthly payments unless you agree in writing to those delays. Your partial prepayment will reduce the amount of your monthly payments after the first Change Date following your partial prepayment. However, any reduction due to your partial prepayment may be offset by an interest rate increase.

6. **LOAN CHARGES:** If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from you which exceeded permitted limits will be refunded to you. We may choose to make this refund by reducing the principal you owe under this Note or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment.

7. **BORROWER'S FAILURE TO PAY AS REQUIRED:**

   (A) **Late Charge for Overdue Payments**
   We will charge you a Late Charge equal to 5% of the instalment if you do not pay an Monthly Instalment within 15 days after the date it is due.

   (B) **Default**
   If you do not pay the full amount of each monthly payment on the date it is due, you will be in default. After any default, you will continue to pay interest on payments in default at a Rate of Charge which shall be subject to adjustments in accordance with Section 4.

   (C) **Right To Cure Default**
   If more than one instalment remains unpaid for a period of more than 10 days or either the first instalment or the final instalment remains unpaid 40 days after their respective due dates, we may consider the loan to be in default. We will give you written notice of the first two defaults in any 12-month period. You may cure those defaults by paying us the amount of all unpaid instalments within 15 days after we give you the notice of default. If you do not cure the default within 15 calendar days after we mail you the notice, by paying us the full amount demanded, at our option and without further notice or demand, we may declare the entire unpaid balance of the Actual Amount of Loan to be due and payable. If you are in default a third time within any 12-month period you may not cure the default and, without prior notice, we may declare the entire unpaid balance of the Actual Amount of Loan, to be due and payable.

   (D) **No Waiver By Us**
   Even if, at a time when you are in default, we do not require you to pay immediately in full as described above, we will still have the right to do so if you are in default at a later time.

Name of Borrower: TURLICK, BRION E, DELO M.   Date of Loan: 03/28/96   Account No.:

## NOTE (cont'd)

8. **GIVING OF NOTICES:** Unless applicable law requires a different method, any notice that must be given to you under this Note will be given by mailing it by first class mail or by delivering it to you at the Property Address on Page 1 or at a different address if you give us notice of your different address.

   Any notice that must be given to us under this Note will be given by mailing it by first class mail to us at the address referred to above or at a different address if you are given a notice of that different address.

9. **OBLIGATIONS OF PERSONS UNDER THIS NOTE:** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. We may enforce our rights under this Note against each person individually or against all of you together. This means that any one of you may be required to pay all of the amounts owed under this Note.

10. **WAIVERS:** You and any other person who has an obligation under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require us to demand payment of amounts due. "Notice of dishonor" means the right to require us to give notice to other persons that amounts due have not been paid.

11. **EXPIRATION OF LOAN:** We have the right to terminate this Note and demand immediate payment of the entire amount then due, including accrued interest, as of the date 10 years from the Date of Loan shown on Page 1. We must give you a written notice of our intention to terminate not less than 6 months prior to the termination date. If we do not provide written notice, then this Note shall continue in force until the principal is fully paid.

12. **PREPAYMENT CHARGE:** If you prepay certain principal amounts, you may have to pay a prepayment charge. If you prepay more than 20% of the Actual Amount of Loan in any 12-month period within the first 60 months of the loan, then the charge will be due. This charge will be equal to 60 days interest calculated at the Rate of Charge on the amount prepaid during any 12-month period, less 20% of the Actual Amount of Loan. The prepayment charge will be due and payable whether the prepayment is voluntary or involuntary, including any prepayment effected by or resulting from our exercise of the Default provision set forth below. Any prepayment charge will be collected at the time the loan is paid in full.

13. **PREPAID FINANCE CHARGE:** You will pay the nonrefundable Prepaid Finance Charge shown on Page 3 (see also Prepaid Finance Charge on Page 1). The Prepaid Finance Charge is calculated on the Actual Amount of Loan at the Rate of Charge for a period of one day only. This is the day we extend credit to you.

14. **THIS NOTE IS SECURED BY A SECURITY INSTRUMENT:** In addition to the protections given to us under this Note, a First Mortgage, (the "Security Instrument") with an Adjustable Rate Rider, dated the same day as this Note, protects us from possible losses which might result if you do not keep the promises which you make in this Note. That Security Instrument and Rider describe how and under what conditions you may be required to make immediate payment in full of all amounts you owe under this Note. Some of those conditions are described as follows:

   "Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the property or an interest therein is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at Lender's option, declare all the sums secured by this Security Instrument to be immediately due and payable. However, this option shall not be exercised by Lender if exercise is prohibited by Federal law as of the date of this Security Instrument.

   If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 7 hereof.

   Notwithstanding a sale or transfer, Borrower will continue to be obligated under the Note and this Security Instrument unless Lender has released Borrower in writing."

15. **PROPERTY INSURANCE:** You will keep the property securing this loan insured against loss by fire or other risks, name us as a loss payee and deliver to us a loss payable endorsement showing us as the "mortgagee". You must pay taxes when due. If you do not, after giving you written notice and a reasonable opportunity for you to pay, we will pay the taxes and add the amount paid for those taxes to the unpaid balance of the Actual Amount of Loan. If insurance covering the real property is cancelled or expires while it is outstanding and you do not reinstate the coverage, we may obtain hazard insurance coverage protecting only our interest in the real property. You will be responsible for the payment of the premium for the hazard insurance and we will add the amount of the premium to the unpaid balance of the Actual Amount of Loan.

CE 3 WI-72 ARM (8/95)   Page 5 of 6

Case 14-30754-svk    Doc 30-4    Filed 04/14/15    Page 3 of 6

Name of Borrower: TURLICK,,BRION E,DELO█████ M.   Date of Loan: 03/29/96   Account No.: ████

## NOTE (cont'd)

16. **FEE FOR CHECK RETURNED UNPAID:** If you give us a check which is returned unsatisfied because you do not have an account with the financial institution, you do not have sufficient funds deposited with the financial institution or you do not have sufficient credit with the financial institution, we will charge you a $15.00 fee.

17. **INTEREST AFTER FINAL DUE DATE:** If the loan is not paid in full on the Final Due Date, you will pay interest on the then unpaid balances of the Actual Amount of Loan at the greater of the then prevailing Rate of Charge or 12% per year until paid in full.

18. **ADVANCES:** If, in accordance with the terms of the Mortgage, we make any payment for taxes, assessments, water or other charges or insurance premiums and you do not repay us at once, we may require you to pay charges on this amount at the Rate of Charge then in effect. We also may add this amount to the unpaid balance of the Actual Amount of Loan.

19. **APPLICABLE LAW:** This loan is made under the Wisconsin Consumer Act, Sections 421 through 428 (excluding Sections 422.201 to 422.209), Section 422.421 and Sections 138.053, 138.055 and 138.056 Money & Interest, Wisconsin Statutes.

20. **CREDIT INFORMATION:** By applying for a loan, you authorize and instruct us to request and receive credit information about you from any credit reporting agency or third party and unless you object by calling toll free 1-800-848-3441, 8:00 AM to 8:00 PM, Eastern time, to transfer any credit information we may have about you to affiliates or their agents for solicitation purposes in order that you may learn about their credit or other offerings.

Witness your hand(s) and seal(s).

Date: 3-29-96

Witness: _Sue Armbruster_

Witness: _alone in office_

_[signature]_ (Seal)
First Borrower

_[signature]_ (Seal)
Second Borrower

### CREDIT PROTECTION INFORMATION

**Credit Life Protection:** The credit life protection is written by The Central National Life Insurance Company of Omaha which is affiliated with us. We will not act as agent, broker or fiduciary for you on the loan and we may obtain some benefit from the sale of the credit protection.

### NOTICE REGARDING MORTGAGE LIFE INSURANCE

If you obtain mortgage life insurance on this loan, please read your insurance certificate carefully. The insurance certificate contains provisions which limit when you may receive mortgage life benefits.

Other provisions we wish to highlight:

**Provisions Regarding an Untruthful Statement or Omission:** Within the two year period after the mortgage life insurance becomes effective, the insurance company may contest the life insurance or deny a claim if you made an untruthful statement or omitted significant information about your health in your application for the insurance. The insurance company may not contest the life insurance after the two year period.

**Refinancing:** If you refinance this loan by obtaining a new loan from us in the future, with new mortgage life insurance coverage, the same provisions regarding an untruthful statement, or omitted health information will apply during the two year period after the date of the new loan.

Case 14-30754-svk   Doc 30-4   Filed 04/14/15   Page 4 of 6



## ALLONGE TO NOTE

Account Number: ███

Allonge to Note Dated: 4/3/1996

And Executed by: BRIAN E. TURLICK

DELORES M. TURLICK

Property Address: 4191 WEST CARPENTER
GREENFIELD, WI 53221

Loan Amount: $180,800.00

Pay to the order of: VOLT ASSET HOLDINGS TRUST XVI

Without recourse: BENEFICIAL FINANCIAL I INC., BY CALIBER
HOME LOANS, INC., AS ATTORNEY IN FACT

By:
Title: Roy Lacey
Authorized Signatory

## ALLONGE TO NOTE

Account Number: 

Allonge to Note Dated: 4/3/1996

And Executed by: BRIAN E. TURLICK

DELORES M. TURLICK

Property Address: 4191 WEST CARPENTER
GREENFIELD, WI 53221

Loan Amount: $180,800.00

Pay to the order of: _____

Without recourse: VOLT ASSET HOLDINGS TRUST XVI, BY ITS
TRUSTEE U.S. BANK TRUST, N.A., THROUGH
CALIBER HOME LOANS, INC., AS ATTORNEY IN
FACT FOR THE TRUSTEE

By: Roy Lacey
Title: Authorized Signatory